```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF HAWAI`I
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CURTIS KEITH COOPER ) <br> ) <br> Defendant. ) <br> ) | Cr. No. 09-00441 ACK |

### ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 75)

Defendant Curtis Keith Cooper was sentenced to 97 months of imprisonment, which was consistent with the government's recommendation, five years of supervised release, restitution in the amount of $3,098, and a fine of $15,000, for engaging in a sexual act with another person who had not attained the age of 12 years, being his granddaughter ("S.P.") who was nine years old, and in violation of 18 U.S.C. § 2241(c). The crime occurred in 2003. Defendant Cooper was released from BOP custody in January 2018, and has completed over four years of supervision.

On April 6, 2022, Defendant Cooper filed a Motion for Early Termination of Supervised Release, with his term of release scheduled to end on January 18, 2023. ECF No. 75. The

United States filed an Opposition on April 20, 2022.  ECF No. 77.

Pursuant to 18 U.S.C. § 3583(e), in deciding whether to terminate Defendant Cooper's supervised release, this Court is to consider the factors set forth in 18 U.S.C. § 3553(a) which include, inter alia:

   (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2)   the need for the sentence imposed–
         (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
         (B) to afford adequate deterrence to criminal conduct;
         (C) to protect the public from further crimes of the defendant;
         (D) to provide the defendant with the needed educational or vocational training, medical care or other correctional treatment in the most effective manner;
   (3)   the kinds of sentences available,
   (4)   the kinds of sentence and the sentencing range established for [the offense];
   (5)   pertinent policy statement[s] . . . issued by the Sentencing Commission;
   (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
   (7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  After considering these factors, the Court may terminate supervised release if it is satisfied that such action is "warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3583(e).

The Court has reviewed and considered the parties' memorandums, and finds that they have thoroughly presented their respective positions. The Court has also reviewed the recommendation of the U.S. Probation Department filed April 26, 2022. ECF No. 78. In addition, the Court has reviewed the Pre-Sentence Investigation Report and the transcript of the sentencing held on October 13, 2010.

Defendant Cooper's Motion, inter alia, notes that he is now almost 88 years of age, his health is deteriorating following his wife's recent passing, he now has difficulty breathing and has a pacemaker, he wishes to move to the mainland to be closer to family, that he has undergone extensive sex offender therapy and fully complied with all conditions of his supervision.

At the time of the sexual act against S.P., she was a minor under 12 years old and she was in Defendant Cooper's custody, and care; as they were seated together on a Hawaiian Airlines airplane flying from Honolulu to the mainland. During the sentencing hearing, S.P., who was by then 16 years old, stated "[w]hen I was nine, my innocence was stolen, my pride crushed, and my happiness destroyed." ECF No. 69 at 16:6-7. She further stated "[f]rom ages 12 to 13, I would cut my wrists. My body was a symbol of everything I hated and I didn't care if I died." Id. at 17:4-6. S.P. stated that she "believed [she]

3

would be a completely different person" if she hadn't been molested, that she has "haunting nightmares about [her] grandpa molesting [her]," and lives "in constant fear of the possibility of it recurring." Id. at 15:19-16:1.  She stated that she feels "uncomfortable around men," and what Defendant Cooper "did to her ruined [her] relationship with [her] dad." Id. at 17:13-14.  She concluded that "[p]eople always say family is first and, no matter what, your family is going to be there for you.  But not for me.  When I spoke up about what my grandpa did to me, I was hated and accused of lying." Id. at 16:15-18.

While Defendant Cooper had no countable criminal history in determining his guideline range; this Court expressed its deep concern about his minimization of what had been done to S.P. and also noted that it was alleged he had earlier molested his sister and stepdaughter.

The United States points out that Defendant Cooper incorrectly claims that the Guide to Judiciary Policy, Volume 8: Probation and Pretrial Services, Part E: Post-Conviction Supervision, § 360.20(c) Early Termination supports his request. The United States correctly states that the first criterion is not met because Defendant Cooper committed a sex offense.

The Probation Department recommendation notes that following his wife's passing in March of 2021, Defendant Cooper sought support and regularly attended a grief support group and

4

that the members of this group continue to be a source of support for Defendant Cooper. The recommendation further notes that prior to sentencing and incarceration, Defendant Cooper voluntarily attended sex offender counseling sessions with Beverly Eager, a Sex Offender Treatment Therapist, on Kauai; that after his release on supervision, Defendant Cooper was re-referred to counseling with Ms. Eager and has participated regularly since that time.

The Court has also reviewed Ms. Eager's report attached to Defendant Cooper's Motion for Early Termination wherein she discusses her treatment over the years of Defendant Cooper and, based on his progress, strongly supports his Motion for Early Termination of Supervised Release.

The Probation Department also acknowledges that Defendant Cooper has complied with his supervision conditions, but goes on to conclude that it cannot support Defendant Cooper's request for early termination of his supervised release because the instant offense is a hands-on sex offense involving his nine-year old granddaughter while she was in his care. The Probation Department further states that according to the Pre-Sentence Report, S.P. immediately disclosed the assault to her grandmother, who confronted Defendant Cooper, and he appeared to minimize the offense, saying he thought S.P. "liked it." Defendant Cooper denied any wrongdoing and declined

5

participating in counseling because he did not want the offense reported to the authorities. And, again, the investigation revealed that Defendant Cooper allegedly previously molested his stepdaughter and sister. The Probation Department considers Defendant Cooper's offense conduct particularly concerning, and the victim being both a minor and his granddaughter, with Defendant Cooper's actions having a significant impact on S.P. as well as the entire family.

In view of the foregoing, and after considering 18 U.S.C. § 3583(e), Defendant Cooper's conduct on release and in the interest of justice, the Court DENIES Defendant Cooper's Motion for Early Termination of his Supervised Release.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, April 28, 2022.

Alan C. Kay
Sr. United States District Judge

United States v. Cooper, Cr. No. 09-00441 ACK, Order Denying Motion for Early Termination of Supervised Release (ECF No. 75).